IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO. 5:21cr35-TKW

JAMES WILSON
a/k/a "Redneck"
_____/

## FACTUAL BASIS FOR GUILTY PLEA

The parties agree with the truthfulness of the following factual basis for Defendant's guilty plea. The undersigned parties further agree that not all of the facts known from this investigation are contained in this brief summary.

The defendant was a user of methamphetamine and supplier to co-defendant Johnny Carr and others. In February 2021, Drug Enforcement Administration (DEA) agents obtained authorization to intercept communications from Carr's phone. Investigators learned that Carr regularly traveled to Beaumont, Texas to obtain methamphetamine from a source there. The defendant had other sources of his own and prior to Carr establishing a connection in Texas, the defendant had sold methamphetamine to Carr on occasion. After Carr established his source in Texas, the defendant would regularly purchase methamphetamine from Carr.

From February to May 2021, investigators intercepted communications and surveilled Carr as he made six trips to Beaumont, Texas to purchase methamphetamine. Carr regularly communicated with the defendant prior to these trips to let him know

1

**FILED IN OPEN COURT THIS**
5-24-22
**CLERK, U.S. DISTRICT COURT,**
**NORTHERN DISTRICT OF FL**

that he was traveling to Texas to pick up methamphetamine. Then, upon Carr's return to the Northern District of Florida, the defendant would meet with him within 24 to 48 hours to purchase methamphetamine. He purchased one ounce or more of methamphetamine each time.[1] Often he would purchase additional ounces of methamphetamine before Carr ran out and returned to Texas. In one instance in March of 2021, the defendant met with Carr at his residence in Youngstown, Florida, immediately after he returned from Beaumont, Texas. The defendant purchased two ounces of methamphetamine from Carr and departed on a motorcycle. Law enforcement officers surveilling the exchange attempted to stop the defendant after he left Carr's residence. The defendant fled. Law enforcement officers pursued the defendant but were forced to end the pursuit due to the danger posed to the community. Intercepted communications caught the defendant telling Carr about his flight from law enforcement shortly after.

The defendant admits that he conspired with Carr and others to possess with intent to distribute and distribute a quantity of a mixture and substance containing methamphetamine. The defendant knew that the unlawful purpose of the conspiracy was to distribute methamphetamine. The plan to distribute methamphetamine involved two or more people, including the defendant and Carr. The defendant knowingly agreed to join the conspiracy to distribute methamphetamine.

---

[1] The Florida Highway Patrol arrested Carr as he returned from Beaumont, Texas, on May 13, 2021, and seized approximately a kilogram of methamphetamine so the defendant did not receive any of the methamphetamine from that trip.

2

On December 8, 2021, investigators with the Bay County Sheriff's Office used a confidential informant to arrange to purchase nine ounces of methamphetamine from the defendant. During a series of recorded calls the defendant agreed to provide the methamphetamine and they arranged to meet at a specific location in Panama City, Florida. Bay County Deputies traveled to the location and found the defendant sitting alone in his vehicle in the parking lot. A box sitting on the passenger seat contained nine clear plastic bags with approximately one ounce of methamphetamine in each bag. The Florida Department of Law Enforcement laboratory confirmed that the substance was methamphetamine and the total weight was 252.3 grams. After his arrest, the defendant waived his *Miranda* rights and admitted to trafficking in methamphetamine.

## ELEMENTS OF THE OFFENSES

The elements of conspiracy to distribute and possess with intent to distribute a quantity of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of 21 U.S.C. § 846, as charged in **Count One**, are:

*First:* Two or more people in some way agreed to try to accomplish a shared and unlawful plan to possess methamphetamine with intent to distribute it;

*Second:* The defendant knew the unlawful purpose of the plan and willfully joined in it; and

*Third:* The object of the unlawful plan was to possess with intent to distribute methamphetamine.

The elements of possession with intent to distribute 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), as charged in **Count Eight**, are:

*First:* The defendant knowingly possessed 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 50 grams or more of a substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers; and

*Second:* The defendant intended to distribute the methamphetamine.

_____
JAMES JENKINS
Attorney for Defendant

_____
JAMES WILSON
Defendant

5-24-22
Date

JASON R. COODY
United States Attorney

_____
WALTER E. NARRAMORE
Assistant United States Attorney

5-24-22
Date

4